IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] PABLO FIGUEROA SÁNCHEZ,

Defendant

CRIMINAL 06-0065 (JAG)
CRIMINAL 08-0157 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11(c)(1)(A) & (B) PROCEEDINGS (PLEA OF GUILTY)

I.   Personal Background

On February 23, 2006, Pablo Figueroa Sánchez, the defendant herein, was charged in a one-count indictment. He agrees to plead guilty to count one of the indictment. The defendant also agrees to plead guilty to all counts of the three-count information filed in court.

Count one of the indictment charges defendant with aiding and abetting each other, with the intent to cause serious bodily harm, did knowingly, willfully, intentionally, and unlawfully take a motor vehicle, to wit, 1 2001 white Ford Econoline, vehicle identification number 1FMRE11W41HB63055, license plate 9420SJ, said motor vehicle having been transported, shipped, or received in interstate or foreign commerce from the person or presence of Rigoberto Hernández Vargas, by force and violence, or intimidation. All in violation of 18 U.S.C. §§ 2119(1) and 2.

CRIMINAL 06-0065 (JAG)                    2
CRIMINAL 08-0157 (JAG)

Count one of the information charges defendant with aiding and abetting each other, with the intent to cause serious bodily injury, did knowingly, willfully, intentionally and unlawfully take a motor vehicle, to wit, a 1981 brown Ford Clubwagon, license plate 64736-P, said motor vehicle having been transported, shipped or received in interstate or foreign commerce, from the person or presence of José A. García-León, by force and violence, or intimidation. All in violation of 18 U.S.C. §§ 2119(2) and 2.

Count two of the information charges defendant with aiding and abetting each other, with the intent to cause serious bodily injury, did knowingly, willfully, intentionally and unlawfully take a motor vehicle, to wit, a purple Dodge Van, license plate 69045-P, said motor vehicle having been transported, shipped or received in interstate or foreign commerce, from the person or presence of C. Luis Aguirre Santiago, by force and violence, or intimidation resulting in the death of C. Luis Aguirre Santiago. All in violation of 18 U.S.C. §§ 2 and 2119(3).

Count three of the information charges defendant with aiding and abetting each other, with the intent to cause serious bodily injury, did knowingly, willfully, intentionally and unlawfully take a motor vehicle, to wit, a white 1998 Toyota Corolla, license plate 8915-TX, said motor vehicle having been transported, shipped or received in interstate or foreign commerce, from the person or presence of Samuel Serrano Torres, by force and violence, or intimidation. All in violation of 18 U.S.C. §§ 2 and 2119(2).

CRIMINAL 06-0065 (JAG)                    3
CRIMINAL 08-0157 (JAG)

Defendant filed a motion for change of plea on April 3, 2008. (Criminal 06-0065, Docket No. 93.)

II.   Consent to Proceed Before a Magistrate Judge

On April 21, 2008, while assisted by Juan F. Matos de Juan, Esq., the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment and to waive his right to prosecution by indictment and plea guilty as to counts one to three of the information.

The defendant agreed to proceed by way of information as to Criminal 08-0157 and waived his right to be charged with an indictment. The defendant informed that he understood the charges which he faced and was informed of his constitutional right to be charged in an indictment, a right which he could waive if he consents to being charged by information of the United States Attorney. He noted that he had discussed this with his attorney and acknowledged that no threats or promises had been made to him to waive indictment and proceed by way of information.

In open court the defendant was questioned as to Criminal 06-0065 and Criminal 08-0157, and the purpose of the hearing being held. The defendant responded that the purpose of the hearing was to plead guilty. The defendant was advised of his right to have all proceedings, including the change of plea hearing, before a United States district judge. Defendant was given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted

CRIMINAL 06-0065 (JAG)            4
CRIMINAL 08-0157 (JAG)

under oath and that it was expected that his answers would be truthful (he was also explained that the consequences of lying under oath could lead to a perjury charge); and (c) his right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

   A. Compliance With Requirements Rule 11(c)(1)

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one of the indictment, he may be sentenced to a term of imprisonment of not more than 25 years, a fine not to exceed $250,000, and a term of supervised release of not more than three years. All pursuant to 18 U.S.C. § 2119(1).

CRIMINAL 06-0065 (JAG)                    5
CRIMINAL 08-0157 (JAG)

As to count one of the information, the defendant was explained and he understood that he may be sentenced to a term of imprisonment of not more than 25 years, a fine not to exceed $250,000, and a term of supervised release of not more than three years. All pursuant to 18 U.S.C. § 2119(2).

As to count two of the information, the defendant was explained and he understood that he may be sentenced to a term of imprisonment of any number of years up to life, a fine not to exceed $250,000, and a term of supervised release of not more than three years. All pursuant 18 U.S.C. § 2119(3).

As to count three of the information, the defendant was explained and he understood that he may be sentenced to a term of imprisonment of not more than 25 years, a fine not to exceed $250,000, and a term of supervised release of not more than three years. All pursuant to 18 U.S.C. § 2119(2).

The defendant was explained and he understood that the above sentences can be served concurrently or consecutively.

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of $100, per each count to which he enters a plea of guilty.

The defendant is aware that the court may order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release, and may impose restitution. As part of this plea agreement, the defendant agrees to produce complete information regarding all restitution to

CRIMINAL 06-0065 (JAG)                               6
CRIMINAL 08-0157 (JAG)

victims and defendant agrees to provide a financial statement as requested to the United States.

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea if he was unhappy with the sentence of the court. The defendant understood this.

Defendant was explained what the supervised release term means. It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to him.

B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

CRIMINAL 06-0065 (JAG)                                    7
CRIMINAL 08-0157 (JAG)

      3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

      4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

      5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

      C.    Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that when he were under supervised

CRIMINAL 06-0065 (JAG)              8
CRIMINAL 08-0157 (JAG)

release, and upon violating the conditions of such release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

D. Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

CRIMINAL 06-0065 (JAG)         9
CRIMINAL 08-0157 (JAG)

5. The defendant understands that if the court accepts this agreement and sentences defendant according to its terms and conditions, defendant waives and surrenders his right to appeal the conviction and sentence in this case.

Defendant acknowledged having understood this explanation.

E. Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant basically concurred.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offenses charged.

F. Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment and as to counts one, two and three of the information..

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the

CRIMINAL 06-0065 (JAG)        10
CRIMINAL 08-0157 (JAG)

preceding sections, I find that the defendant Pablo Figueroa Sánchez is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment and counts one, two and three of the information.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 25th day of April, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge